1

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

4

5

6

7

8

| RANDY R. ALMSTED, | ) | No. CV-10-3026-CI |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND REMANDING FOR ADDITIONAL |
| MICHAEL J. ASTRUE, Commissioner | ) | PROCEEDINGS PURSUANT TO 42 |
| of Social Security, | ) | U.S.C. § 405(g) |
| | ) | |
| Defendant. | ) | |
| | ) | |

9

10      BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF

11   No. 17, 19.)   Attorney D. James Tree represents Randy Almsted

12   (Plaintiff); Special Assistant United States Attorney Lisa Goldoftas

13   represents the Commissioner of Social Security (Defendant).   The

14   parties have consented to proceed before a magistrate judge. (ECF

15   No. 8.)  After reviewing the administrative record and briefs filed

16   by the parties, the court **GRANTS** Plaintiff's Motion for Summary

17   Judgment, and remands the matter to the Commissioner for additional

18   proceedings pursuant to 42 U.S.C. § 405(g).

19                          **JURISDICTION**

20      Plaintiff protectively filed for disability insurance benefits

21   (DIB) and Supplemental Security Income (SSI) on February 3, 2006.[1]

22   (Tr. 13.)   He alleges disability due to back problems, uncontrolled

23

24      _____

25      [1]  Prior to filing this application, Plaintiff had been found

26   disabled as of May 19, 2001.  In December 2005, an ALJ found

     Plaintiff no longer disabled as of August 2004, and benefits were

27   discontinued.  Review was denied by the Appeals Council. (Tr. 13.)

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 1

diabetes, depression and anxiety, with an onset date of May 19, 2001. (Tr. 171.) His claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on July 15, 2008, before ALJ Richard Say. (Tr. 23-77.) Plaintiff, who was represented by counsel, medical experts David Rullman, M.D., and Sally Clayton, Ph.D., and vocational expert Gary Jesky testified. The ALJ denied benefits on October 15, 2008; the Appeals Council denied review on April 22, 2010. (Tr. 10-22, 1-4.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

> It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 2

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 3

evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a medically determinable physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a).  "This requires the presentation of 'complete and detailed objective medical reports of his condition from licensed medical processionals.'" *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999)(citation omitted).

    If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

## STATEMENT OF THE CASE

    The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 48 years old with a high-school degree. Plaintiff stated he was living in an apartment with his girlfriend and her teenage son.  (Tr. 56.)  He had past work experience as a carpenter and a millwright.  (Tr. 172.)  Plaintiff testified problems with his back keep him from working.  (Tr. 57.)  He reported he was capable of cooking, housework and shopping for

groceries. (Tr. 58.) He testified he could lift about 10 pounds, sit for an hour before he had to get up, stand for 15 minutes, and walk about 500 feet at a time. (Tr. 60.) Plaintiff reported he had been in motor vehicle accidents in which he suffered major head injuries and back and hip injuries. (Tr. 62.) He also reported wrist surgery and recent surgery on his back. (Tr. 65-66.) Plaintiff has a significant drug (heroin and methamphetamine) use history. (Tr. 44, 436.) However, he testified he had been clean and sober for about two years, with a short relapse in 2007. (Tr. 60, 64, 436, 495.)

## ADMINISTRATIVE DECISION

ALJ Say determined Plaintiff was insured for DIB purposes through March 31, 2009. (Tr. 15.) At step one of the sequential evaluation process, he found Plaintiff had not engaged in substantial gainful activity since August 1, 2004. (*Id.*) At step two, he found Plaintiff had severe impairments of spondylolisthesis at L5-S1 post surgery, major depressive disorder and a substance addiction disorder. (*Id.*) The ALJ did not identify non-severe impairments. At step three, the ALJ found Plaintiff's impairments or combination of impairments did not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). (Tr. 16.) Specifically, he considered Listing 1.04 (Disorders of the Spine), and found the evidence did not establish nerve root compression. (*Id.*) He also found Plaintiff's mental impairments did not meet or medically equal Listings 12.04 or 12.09. (*Id.*) At step four, the ALJ discussed the medical evidence and Plaintiff's testimony. (Tr. 16-20.) He determined Plaintiff had the residual

functional capacity (RFC) for light work with the following restrictions: "he can occasionally stoop, crouch, crawl, and kneel. He can occasionally climb ramps and stairs.  He cannot climb ladders.  He should avoid concentrated exposure to hazards and vibration.  He can understand, remember and carry out short, simple instructions." (Tr. 16.)  The ALJ made credibility findings and determined Plaintiff's statements regarding his limitations were not credible to the extent they were inconsistent with the RFC above. (Tr. 17.)  Based on the RFC assessed and VE testimony, ALJ Say found Plaintiff could no longer perform his past relevant work.  (Tr. 20.) Proceeding to step five, he found there were other jobs in significant numbers Plaintiff could perform at the light level, which were identified by the VE as cashier, packing/filling machine operator, and injection molding machine operator.  (Tr. 21, 56-57.) The ALJ concluded Plaintiff had not been disabled since the alleged onset date, and was, therefore, ineligible for disability benefits under the Social Security Act. (Tr. 21-22.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Plaintiff argues the ALJ erred when (1) he determined at step three that Plaintiff was not disabled under Listing 1.04; (2) he improperly rejected the opinions of treating and examining medical providers; and (3) he failed to meet his burden at step five.  (ECF No. 18 at 9-10.) Defendant asserts the Commissioner's decision is supported by substantial evidence and free of legal error.  (ECF No. 20.)

**DISCUSSION**

**A.    Listing 1.04A.**

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995).  If a claimant's impairment does not meet the criteria specified in the Listings, he or she may be found disabled if his impairment equals a listed impairment.  20 C.F.R. § 416.920(d).   If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment.    20 C.F.R. § 416.926(a).  A step three finding of equivalence must be based on medical evidence from acceptable medical sources, *i.e.,* licensed psychologists or physicians designated by the Commissioner.  20 C.F.R. §§ 416.929(d)(3), .926 (c) and (d).   The testimony of a medical expert may serve as substantial evidence to support a step three finding only when supported by and consistent with other evidence in the record.  *See Andrews,* 53 F.3d at 1041.

Here, Plaintiff asserts the medical evidence establishes criteria in the following Listing:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>         A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 7

1    back, positive straight-leg raising test (sitting and
2    supine).

3   20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04A (Listing
4   1.04A).  He contends the evidence supports the criteria above and
5   the ALJ's stated reliance on the medical expert's hearing testimony
6   is reversible error.  In support of his argument, Plaintiff
7   identifies with specificity ambiguous medical expert testimony
8   regarding the existence of nerve root compression and improperly
9   rejected medical reports from his treating physician regarding the
10  severity of his limitations.  (ECF No. 18 at 12, 14, 16.)

11      At step three, ALJ Say properly consulted a medical expert to
12  determine if the medical evidence established the criteria of
13  Listing 1.04.  (Tr. 16, 27-42.)  Dr. Rullman, a board certified
14  physician of internal medicine, testified Plaintiff had a disorder
15  of the spine that would come close to meeting Listing 1.04, but that
16  would be dependent on "confirmation that he has nerve root
17  compression."  (Tr. 29.)  Dr. Rullman testified on direct
18  examination that "there's nothing on x-ray that would say yes or no
19  to [the] possibility" that nerve root compression existed.  (Tr.
20  30.)

21      On cross-examination, Plaintiff's representative directed the
22  medical expert to MRI results that show bilateral neuroforaminal
23  stenosis (narrowing) at L5-S1.  (Tr. 41, 42, 418.)  Dr. Rullman
24  testified this objective imaging finding "would offer the
25  possibility" of nerve root compression.  (Tr. 41.)  He also stated
26  all MRI results in the record showed about the same degree of
27  severity, which was described as "severe" in a December 5, 2007,
28

imaging report from Inland Imaging.  (Tr. 42, 418.)

In his final decision, the ALJ made a brief finding stating he relied on Dr. Rullman's testimony that Plaintiff's spine disorder does not meeting Listing section 1.04 "or any other listed impairment." (Tr. 16.)  The ALJ specifically found, "Evidence does not establish nerve root compression." *(Id.)* However, the ALJ did not discuss the requirements of Listing 1.04A in detail or reference specific evidence in the record to support his reliance on Dr. Rullman's testimony to this effect.  "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not [meet or equal a listing]." *Lewis v. Apfel,* 236 F.3d 503, 512 (9th Cir. 2001).

A review of the hearing transcript reveals that Dr. Rullman's testimony regarding the existence of nerve root conversion is ambiguous and inconclusive. (*See* Tr. 29, 30, 39, 41, 42.)  Further, neither his testimony nor the findings by the ALJ address clearly other diagnostic prongs in Listing 1.04A.[2]  While it is the province

_____

[2]  Although the ALJ found Plaintiff's subjective complaints not entirely credible, he did not reject totally Plaintiff's complaints of pain and exertional limitations.  (Tr. 16, 17.)  Medical findings on examination also evidence positive straight-leg raising test on the right, and decreased sensation in the lower extremities. (*See, e.g.,* Tr. 18, 416, 417.)  While these findings appear to support Plaintiff's claim, without additional expert analysis of these records, the evidence is inadequate to determine whether Plaintiff met his burden at step three.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 9

of the ALJ to resolve conflicts in the medical evidence, ALJ Say neither discussed the medical expert testimony, nor resolved the conflict within his testimony raised by Plaintiff's cross-examination. (Tr. 16, 19.) Therefore, the court is unable to review whether the ALJ's reliance on Dr. Rullman's testimony at step three is supported by substantial evidence. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990)(Commissioner's determination is affirmed only if there is sufficient evidence to support the ALJ's findings).

Plaintiff has the burden of demonstrating disability under the Listings, *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied,* 517 U.S. 1122, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996). He has submitted a medical record that is complex, consisting of medical reports from orthopedic and neurology specialists, clinical notes, results from objective medical testing and imaging, and treating source and medical specialist opinions dating from 2003 through 2008. There is substantial evidence of musculoskeletal impairments of the spine and, as found by the ALJ, Plaintiff's impairments "could reasonably be expected to produce the alleged symptoms." (Tr. 17.) Plaintiff's symptom allegations appear to be consistent with subjective components of pain and limitations in range of motion found in Listing 1.04A.

Because Plaintiff specifically raised the issue of step three disability and identified evidence to support his argument, the ALJ was required to discuss his reasoning for finding Plaintiff did not meet the Listing invoked. His failure to do so is reversible error. *Lewis*, 236 F.3d at 512; *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 10

Cir. 1990).[3] On remand, the Commissioner will obtain additional medical evidence through an independent medical examination by a qualified specialist and/or additional expert testimony.[4] If it is determined that Plaintiff's impairment or combination of impairments meets or equals Listing 1.04A, medical expert testimony also is required to establish an onset date and ascertain whether disabling impairments meet the durational requirement of twelve months. *Armstrong v. Commissioner of Social Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998); *Social Security Ruling* (*SSR*) 83-20.

Plaintiff may submit additional relevant evidence for consideration on remand. In a new decision, the ALJ will identify non-severe impairments supported by the record and consider them in combination with severe impairments at step three, and if necessary, throughout the entire sequential evaluation. Accordingly,

---

[3] Because remand is necessary for additional evidence and new step three findings, Plaintiff's arguments regarding improper rejection of treating and examining medical providers will not be addressed.

[4] In cases involving complex medical issues, it is the Government's responsibility to ensure the credibility, completeness, and quality of the ALJ's medical expert testimony. *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984). It is noted on review that Dr. Rullman is an internal medicine specialist, who was opining on precise neurological and orthopedic issues. A specialist in these practice areas is more appropriate in determining step three issues as well as onset date, if necessary.

1    **IT IS ORDERED:**

2    1.   Plaintiff's Motion for Summary Judgment **(ECF No. 17)** is

3    **GRANTED,** and the matter is remanded to the Commissioner for

4    additional proceedings pursuant to 42 U.S.C. § 405(g) and this

5    decision;

6    2.   Defendant's Motion for Summary Judgment **(ECF No. 19)** is

7    **DENIED;**

8    3.   An application for attorney fees may be filed by separate

9    motion.

10   The District Court Executive is directed to file this Order and

11   provide a copy to counsel for Plaintiff and Defendant.   The file

12   shall be closed and judgment entered for Plaintiff.

13   DATED August 9, 2011.

14

15                        S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING
FOR ADDITIONAL PROCEEDINGS PURSUANT TO 42 U.S.C. § 405(g)- 12